```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT

Raymond Gadreault,              :
          Plaintiff,            :
                                :
     v.                         :    Case No. 2:11-cv-63
                                :
Hon. Brian Grearson,            :
Frederick Bethel, Valerie       :
J. Gadreault/Corliss,           :
          Defendants.           :
```

<u>OPINION AND ORDER</u>
(Docs. 5, 6, 8 and 10)

Plaintiff Raymond Gadreault, proceeding *pro se*, brings this action claiming that Defendants violated his constitutional rights during the course of two state court domestic proceedings. Defendants are Vermont Superior Court Judge Brian Grearson, Attorney Frederick Bethel, and the Plaintiff's wife, Valerie Gadreault/Corliss.

Judge Grearson has moved to dismiss the Complaint on the basis of judicial immunity. Attorney Bethel and Ms. Gadreault/Corliss have filed a joint motion to dismiss, arguing lack of jurisdiction and failure to state a claim. Also pending before the Court is Mr. Gadreault's motion for an extension of time in which to file a response to the joint motion to dismiss, as well as his request for an investigation into Ms. Gadreault/Corliss's assertion that she is proceeding *pro se.*

For the reasons set forth below, Mr. Gadreault's motion for an extension of time is GRANTED, and his request for an investigation is DENIED.  Further, Defendants' motions to dismiss are GRANTED, and this case is DISMISSED.

## Factual Background

The Complaint first alleges that during a "hearing for a protection/restraining order," Judge Grearson failed to read Mr. Gadreault his rights or provide an "expl[a]nation on what was happening."  (Doc. 1 at 1.)  These actions, Mr. Gadreault claims, violated his right to due process and his right to a trial by jury.  Defendants submit that this claim pertains to a relief from abuse proceeding that took place in the Family Division of the Vermont Superior Court, Washington Unit.  (Doc. 6 at 3.)[1]

Mr. Gadreault next claims that Judge Grearson and Ms. Gadreault/Corliss violated his "right to bear arms and the right not to endure unreasonable search and seizure . . . ."  (Doc. 1 at 2.)  Defendants again surmise that this allegation pertains to the relief from abuse proceeding, and specifically to the portion of the court's order requiring

---

[1] The Court takes judicial notice of the state court record.  *See Blue Tree Hotels Inv. (Can.) v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

Mr. Gadreault to "remove his personal effects from the parties' residence in the company of a law enforcement officer, who was authorized to remove any weapons in the home."  (Doc. 6 at 4-5) (citing Doc. 6-3 at 1.)  Mr. Gadreault's final claim concerning the relief from abuse proceeding is that Judge Grearson barred him from questioning Ms. Gadreault/Corliss, thus allegedly denying Mr. Gadreault the right to confront his accuser.

 As to Attorney Bethel, who presumably acted as Ms. Gadreault/Corliss's counsel, the Complaint alleges that he and Judge Grearson conspired to deny Mr. Gadreault his Seventh Amendment right to a jury trial, going "so far as to discuss their strategy on how to fight my appeal to the Vermont Supreme Court in open court."  (Doc. 1 at 2-3.)  Mr. Gadreault also alleges that Attorney Bethel was allowed to "call [him] names" in the courtroom, and that Judge Grearson granted Attorney Bethel's request for an emergency hearing concerning spousal support, while denying Mr. Gadreault an emergency hearing on his request for an annulment.  (*Id.* at 3.)  Defendants believe that these latter allegations pertain to the Gadreaults' pending divorce proceeding, in which Judge Grearson is the presiding judge.

Mr. Gadreault asserts that these alleged actions by Defendants violated his rights under the Second, Fourth, Fifth, Sixth, Seventh, Ninth and Fourteenth Amendments.  For relief, he is seeking $400,000 in compensatory and punitive damages from his wife, two million dollars from Judge Grearson, and eight million dollars from Attorney Bethel.

## Discussion

I.   Judge Grearson's Motion to Dismiss

Judge Grearson moves for dismissal on the basis of judicial immunity.  Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988).  The immunity of the court and its members "is not overcome by allegations of bad faith or malice," or "because the action he took was in error . . . or was in excess of his authority."  *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted).  Judicial immunity may be overcome only if a judge is alleged to have taken "nonjudicial actions" or if judicial actions were taken "in the complete absence of all jurisdiction."  *Id.* at 11-12.

Here, the Complaint alleges that Judge Grearson made

4

rulings, both in the courtroom and in a written order, that violated Mr. Gadreault's constitutional rights.  The Complaint also alleges that Judge Grearson conspired with Attorney Bethel in open court.  There is no claim that Judge Grearson lacked jurisdiction to preside over the proceedings in question, or that any of his actions were "non-judicial."  Indeed, Vermont law provides that the Family Division of the Superior Court has jurisdiction over both relief from abuse proceedings and divorce proceedings generally, *see* 4 V.S.A. § 33(4), (14), and all of Judge Grearson's alleged actions were clearly taken in his judicial role.  The claims against Judge Grearson are therefore DISMISSED on the basis of judicial immunity.  *See, e.g., Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987); *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 235 (D. Conn. 2010).

II.  Attorney Bethel and Ms. Gadreault/Corliss

Attorney Bethel and Ms. Gadreault/Corliss have filed a joint motion to dismiss, arguing first that the Complaint is barred by the *Rooker-Feldman* doctrine.  *Rooker-Feldman* is a limited doctrine aimed at "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review of those judgments." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (internal quotation marks omitted).

> *Rooker-Feldman* directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced.

*Id.*

Defendants report that the Gadreaults' divorce proceeding is ongoing. Consequently, no judgment was entered prior to the commencement of this lawsuit. To the extent that interlocutory orders may have been issued, such as rulings regarding the questioning of a witness, or interim orders pertaining to spousal support, *Rooker-Feldman* does not apply. *See Green v. Mattingly*, 585 F.3d 97, 103 (2d Cir. 2009) (declining to apply *Rooker-Feldman* to "interlocutory, unappealable" child custody order).

The relief from abuse order, however, was litigated to a conclusion and a final order was issued. That order therefore requires additional analysis. The relief from abuse order reportedly authorized the removal of Mr. Gadreault's personal effects, including firearms, from "the

parties' residence."  (Doc. 6-3 at 1.)  Mr. Gadreault now claims that the court's order deprived him of his Second and Fourth Amendment rights, and that the hearing itself violated his rights to due process and a jury trial.  It thus appears the Mr. Gadreault's claim satisfies the first two *Rooker-Feldman* requirements of a "state court loser" complaining of injuries from the state judgment.  *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005) (noting that if a plaintiff alleged in federal court that a state court order terminating his parental rights was unconstitutional, "he is complaining of an injury caused by the state judgment").

It also appears that the state court order, issued on July 15, 2010, pre-dated the filing of the Complaint in this case, thus satisfying the fourth *Rooker-Feldman* element.  (Doc. 6-1 at 1); (Doc. 1.)  Less clear, however, is whether Mr. Gadreault is asking this Court to review the state court's judgment, as required by the third element of the *Rooker-Feldman* test.  *See McKithen*, 626 F.3d at 154.  The U.S. Supreme Court has held that in order for *Rooker-Feldman* to apply, a plaintiff must be "plainly" seeking federal court review "to undo the [Family Court] judgment."  *Exxon-*

7

*Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005).  Here, Mr. Gadreault asks for an award of damages, and does not explicitly request that the Court review and overturn the state court ruling.

Whether an action for damages necessarily involves a "review of [the state court] judgment" such that *Rooker-Feldman* would apply is not well settled.  *Compare Ellis v. Little Flower Children's Services*, 2000 WL 516887, at * 5 (E.D.N.Y. Mar. 1, 2000) (finding that award of damages on plaintiff's claim challenging transfer of her children to adoption agency would require district court to find that state court wrongly decided custody issues, and that claim was therefore barred by *Rooker–Feldman*), *with McKnight v. Middleton*, 699 F. Supp. 2d 507, 515 (E.D.N.Y. 2010) (reading Second Circuit rulings to "suggest that a plaintiff's claims seeking only monetary damages or prospective-only relief against court procedures rather than modification of a family court's temporary custody or other orders would not run afoul of the *Rooker-Feldman* doctrine".)  The Court need not resolve that question here, as Mr. Gadreault's claims fail on other grounds as set forth below.

In addition to arguing for dismissal under *Rooker-*

*Feldman*, Ms. Gadreault/Corliss and Attorney Bethel contend that Mr. Gadreault has failed to state plausible constitutional claims, and therefore move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In *Ashcroft v. Iqbal*, the Supreme Court set forth a "two-pronged" approach for analyzing a Rule 12(b)(6) motion to dismiss. 129 S. Ct. 1937, 1949-50 (2009). First, a court must accept a plaintiff's factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor. *Id.* This assumption of truth, however, does not apply to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Second, a court must determine whether the complaint's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Because Mr. Gadreault is proceeding *pro se*, the Court must "construe his complaint liberally and interpret it 'to raise the strongest arguments that [it] suggest[s].'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)).

Most of the allegations in the Complaint focus on the actions of Judge Grearson, who, as discussed above, is immune from suit. The first paragraph of the Complaint alleges that Judge Grearson failed to read Mr. Gadreault his rights or explain the relief from abuse proceeding. As there is no allegation of wrongdoing by either Attorney Bethel or Ms. Gadreault/Corliss, this claim is DISMISSED.

The Complaint next alleges that Judge Grearson and Ms. Gadreault/Corliss violated Mr. Gadreault's right to bear arms and his right to be free from unreasonable searches and seizures. Both claims appear to relate to the relief from abuse order issued by Judge Grearson, and Ms. Gadreault/Corliss's role is unclear. To the extent that Mr. Gadreault may be claiming that his wife's "perjured

10

testimony" (Doc. 1 at 3) resulted in Judge Grearson's order, her statements are protected from suit by witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 333 (1983) (reasoning that "[a] witness's apprehension of subsequent damages liability might induce . . . self-censorship"). Moreover, and construing Gadreault's constitutional claims as brought pursuant to 42 U.S.C. § 1983, witness testimony does not constitute state action for purposes of Section 1983. *See San Filippo v. United States Trust Co.*, 737 F.2d 246, 256 (2d Cir. 1984) ("a private party giving testimony is not 'acting under color of state law' for purposes of § 1983").

The third allegation in the Complaint is that Mr. Gadreault was denied a jury trial. Again, this claim appears to focus on a determination that would have been made by Judge Grearson. Furthermore, because an abuse prevention order grants only injunctive relief, the proceeding is equitable in nature, and there is no provision in Vermont law that requires or authorizes a jury trial. *See* Vt. R. Fam. P. 4; *cf. Blackmon v. Blackmon*, 230 P.3d 233, 237 (Wash. App. Div. 2010) ("there is no right to a jury trial in a domestic violence protection order hearing because such proceeding is equitable in nature"); *Clark v.*

*Crow*, 37 S.W.3d 919, 924 (Tenn. Ct. App. 2000) (no right to jury trial under state Domestic Abuse Act); *Ward v. Ward*, 583 A.2d 577, 581 (Vt. 1990) (holding that tort action may not be joined into divorce action, in part because "'a divorce action is highly equitable in nature, whereas the trial of a tort claim is at law and may well involve, as in this case, a request for trial by jury'") (quoting *Lord v. Shaw*, 665 P.2d 1288, 1291 (Utah 1983)).

As to the divorce proceeding, even assuming a right to jury trial, the record indicates that as of the filing of the Complaint, that proceeding had not yet concluded. (Doc. 6-2.)  Furthermore, Mr. Gadreault references his Sixth Amendment right to a jury trial. (Doc. 1 at 2.)  The Sixth Amendment applies only to "criminal prosecutions," while the state court proceedings at issue here were purely civil in nature.  U.S. CONST. amend VI.

The Complaint's fourth claim is that Mr. Gadreault was not allowed to question his wife, thus violating his right to confront his accuser.  Once again, the claim pertains to a ruling by the presiding judge, over which the witness and her attorney would have had no control.  The claim is therefore DISMISSED.

The fifth and final claim alleges a conspiracy between Attorney Bethel and Judge Grearson.  The first portion of the claim asserts that Attorney Bethel and Judge Grearson conspired to deprive Mr. Gadreault of his Seventh Amendment right to a jury trial.  Again, there is no such right in a relief from abuse proceeding.  As to the divorce proceeding, the Seventh Amendment provides for a jury trial only for "suits at common law."  *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).  It has been held that because a divorce requires equitable remedies, it is not a "suit at common law" as contemplated by the Constitution's drafters, and the Seventh Amendment does not mandate a jury trial.  *See Maines v. Vermillion County Circuit Court*, 1992 WL 360089, at *1 (7th Cir. Dec. 8, 1992) (unpublished opinion citing treatises for proposition that divorce proceedings were under jurisdiction of equity courts in 1791, and "are still considered equitable proceedings today") (citations omitted).

Furthermore, Mr. Gadreault's claims fall well short of alleging a conspiracy.  "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity;

(2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (citations omitted). "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (per curiam)).

The conspiracy claims presented here are highly conclusory. Aside from the bare allegation that a judge and opposing counsel conspired together, there are no facts to support a claim that these Defendants had an agreement to act in concert. Mr. Gadreault does make reference to a discussion in open court, but offers no specifics to suggest that the discussion was part of a conspiracy, or that it was designed to cause him harm.

Other allegations, such as Judge Grearson's rulings on what sorts of questions Attorney Bethel could ask Mr. Gadreault, and Judge Grearson's rulings on requests for emergency hearing, are equally conclusory. Again, there are no facts in the Complaint to support the inference that

Judge Grearson and Attorney Bethel agreed to conspire against Mr. Gadreault, that the judge's rulings were somehow conspiratorial, or that his actions were in furtherance of a common goal to cause Mr. Gadreault damages.  Finally, with respect to the claims against Attorney Bethel, the conclusory allegations in the Complaint do not amount to "state action" for purposes of § 1983.  *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.").  Mr. Gadreault's conspiracy claims are therefore DISMISSED.

III.  Leave to Amend

The Second Circuit has cautioned that a *pro se* litigant's complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).  In this case, however, the Court will not grant leave to amend because even under the most liberal reading of the Complaint, there is no indication that a valid claim might be stated.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000).

The bulk of Mr. Gadreault's claims focus on rulings by Judge Grearson. As those claims are barred by judicial immunity, they are substantively flawed and better pleading will not cure their deficiencies. *See id.* Similarly, claims of a conspiracy to deprive Mr. Gadreault of his right to a jury when, as a matter of law, he had no such right, cannot be cured by an amended pleading. The same is true with respect to any claim that Mr. Gadreault's wife committed perjury, as her testimony cannot be the basis of a civil action for reasons set forth above. The Court therefore finds that the claims in the Complaint are without any legal merit, and that amendment would be futile. Leave to amend is therefore DENIED. *See id.*

IV. Motion To Investigate

Finally, Mr. Gadreault asks the Court to investigate his wife's representation that she filed her motion to dismiss *pro se*. He also asks the Court to charge her with perjury. The Court has no power to either conduct investigations or initiate a prosecution. "[C]riminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to

initiate, continue or cease prosecution." *Solomon v. H.P. Action Center, H.P.D.*, 1999 WL 1051092, at *1 (S.D.N.Y. Nov.19, 1999). Moreover, "[a] private citizen does not have a constitutional right to . . . compel the initiation of criminal proceedings." *Lis v. Leahy*, 1991 WL 99060 at *1 (W.D.N.Y. June 3, 1991); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"). The motion is therefore DENIED.

## Conclusion

For the reasons set forth below, Mr. Gadreault's motion for an extension of time (Doc. 8) is GRANTED, and his motion requesting an investigation (Doc. 10) is DENIED. Defendants' motions to dismiss (Docs. 5 and 6) are GRANTED, and this case is DISMISSED.

Dated at Burlington, in the District of Vermont, this 14th day of October, 2011.

> /s/ William K. Sessions III
> William K. Sessions III
> Judge, United States District Court